IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| ORIGINAL DELLS, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | | Civil Action No. 8:23-95-TDC |
| | * | |
| SOUL 1 ENTERTAINMENT GROUP, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

This is a case in which members of an R&B group—The Dells—initiated suit against Defendants for using The Dells' name and trademark without authorization. Plaintiffs alleged violations of the Lanham Act, 15 U.S.C. §§ 1051–1141n, Maryland common law, and Maryland's Truth in Music Advertising Act, Md. Code Ann., Com. Law §§ 11-1501 to -1504 (West 2024). The Court granted Plaintiffs' Motion for Default Judgment as to four of their five claims, ECF No. 51, and issued a permanent injunction against Defendants, ECF No. 52. Pending before the Court is Plaintiffs Original Dells, Inc., Michael McGill, and Laverne Allison's Motion for Attorney's Fees and Costs. ECF No. 53. For the reasons explained below, the Court grants Plaintiffs' Motion but reduces the fee award to $25,083.

### BACKGROUND

The facts of this case are detailed in the Report and Recommendation this Court issued on September 5, 2024, ECF No. 49, which Judge Chuang adopted on September 25, 2024, ECF No.

1

51. Accordingly, this Memorandum Opinion will address only those facts relevant to the Motion for Attorney's Fees and Costs currently before the Court.

In his September 25 Order, Judge Chuang held that "Plaintiffs will be granted reasonable attorney's fees and costs" and directed Plaintiffs to submit, within 21 days, a Motion for Attorney's Fees and Costs with supporting documentation to enable the Court to assess a reasonable award. ECF No. 51, at 2. Plaintiffs filed their Motion for Attorney's Fees and Costs on October 16, 2024. ECF No. 53. Defendants have not filed an opposition to the Motion, though they have had more than two months to do so. In the Motion, Plaintiffs request a total of $30,789.45, comprised of $27,586.27 in attorney's fees and $3,203.18 in costs. ECF No. 53, at 1. In support of their Motion, Plaintiffs have submitted a sworn Declaration from Frederick Samuels, Plaintiffs' lead counsel, ECF No. 53-2, at 1; a report from the American Intellectual Property Law Association outlining the median hourly billing rates for intellectual property attorneys in various metropolitan areas, including Washington, D.C, *id.*, at 6; a detailed account of the hours Plaintiffs' counsel dedicated to this case, broken down by task, *id.* at 11; and invoices outlining the costs associated with Plaintiffs' service of Defendants, *id.* at 19.

On October 21, 2024, this case was referred back to my Chambers for the limited purpose of resolving the pending Motion for Attorney's Fees and Costs. ECF No. 54.

## DISCUSSION

The Lanham Act authorizes courts to "award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). The Act further provides that a plaintiff who establishes a violation may recover the costs of the action. *Id.* Having previously decided that this is an "exceptional case" where such an award to Plaintiffs is merited, ECF Nos. 49, at 30-

2

31; 51, at 2, the Court must now assess whether the fee request in Plaintiffs' Motion is "reasonable" as the statute requires.

I.     **Calculation of Attorney's Fees**

"To properly calculate an attorney's fees award, courts undertake a three-step process: (1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs." *Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 22 (4th Cir. 2019) (per curiam). "Once a fee request is submitted, it becomes the responsibility of the party challenging the request to articulate the areas where an award would be inappropriate." *Barnes v. NCC Bus. Servs.*, LLC, No. 18-CV-1473, 2019 WL 4141012, at *2 (D. Md. Aug. 30, 2019). "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge." *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. 95-CV-309, 2002 WL 31777631, at *10 (D. Md. Nov. 21, 2002).

To determine the lodestar figure, the Court "multipl[ies] the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of the billing rates and hours worked used in the lodestar calculation, the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the

3

>  case within the legal community in which the suit arose; (11) the
>  nature and length of the professional relationship between attorney
>  and client; and (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88, n.5.   Additionally, this Court maintains guidelines outlining presumptively reasonable rates in Appendix B to its Local Rules.   D. Md. Local R. App. B(3).

The task of assessing reasonable attorney's fees "should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and courts need not "become . . . accountants" to determine the proper award, *Fox v. Vice*, 563 U.S. 826, 838 (2011).   "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."   *Id.*

Though Plaintiffs' Motion is unopposed, the determination of what constitutes a "reasonable" number of hours and hourly rate remains a matter within the discretion of this Court. *See*, *e.g.*, *Mercer v. Duke Univ.*, 401 F.3d 199, 211 (4th Cir. 2005) ("We have made it clear that the determination of a reasonable attorney's fee award is a decision for the district court to make, and the district court has broad discretion in that regard[.]"); *First Mariner Bank v. ADR L. Group, P.C.*, No. 12-CV-1133, 2015 WL 5255275, at *3 (D. Md. Sept. 8, 2015) ("District courts have wide discretion to determine the amount of legal fees upon a determination that a case is exceptional."). Accordingly, the Court will review the rates and hours included in Plaintiffs' Motion and will conclude with a final review of the lodestar figure.

### A. Reasonable Rates

A fee applicant has the burden of establishing the reasonableness of the requested hourly rates.   *Kubas v. 331B, LLC*, No. 20-CV-2456, 2024 WL 3487890, at *3 (D. Md. July 19, 2024). Part of this undertaking includes demonstrating that their "requested hourly rates are consistent with 'the prevailing market rates in the relevant community for the type of work for which [they] seek[] an award.'"   *McAfee*, 738 F.3d at 91 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.

1990)).  Such a showing should be supported by "affidavits of lawyers in the [relevant] legal community attesting to the customary rates charged for [similar matters]."  *Carranza v. Ramirez*, No. 20-CV-2687, 2022 WL 4080310, at *4 (D. Md. Sept. 6, 2022) (alterations in original) (quoting *Client Network Servs., Inc. v. Smith*, No. 15-CV-2207, 2018 WL 4019767, at *2 (D. Md. Aug. 18, 2018)).  However, the Court may "supplement" any proffered evidence on this matter "with its own knowledge [of the market] because it 'is itself an expert on the question of reasonableness and . . . may form an independent judgment either with or without the aid of witnesses as to value.'"  *Beyond Sys., Inc. v. World Ave. USA*, LLC, No. 08-CV-921, 2011 WL 1899389, at *3 (D. Md. May 18, 2011) (omission in original) (quoting *Costar Grp. v. Loopnet, Inc*., 106 F.Supp.2d 780, 788 (D.Md.2000)).  In the District of Maryland, "this market knowledge is embedded in" the guidelines regarding hourly rates contained in Appendix B to the Local Rules.  *Id.*; *Kubas*, 2024 WL 3487890, at *3.

Appendix B provides presumptively reasonable hourly rates tied to an attorney's years of experience.  D. Md. Local R. App. B(3); *Gonzalez v. Caron*, No. 10-CV-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011).  While "[e]nhancements above the guidelines rates 'should be applied sparingly,'" *Carranza*, 2022 WL 4080310, at *4 (quoting *Grayson v. Reg. Tapes Unlimited, Inc*., No. 11-CV-887, 2013 WL 1953342, at *2 (D. Md. May 9, 2013)), upward departures may be warranted in certain circumstances, *Ramnarine v. Rainbow Child Dev. Ctr., Inc.*, No. 17-CV-2261, 2022 WL 16709764, at *7 (D. Md. Nov. 4, 2022).  For example, higher rates could be appropriate if, among other things, counsel took on representation of a party who may not otherwise be able to find legal representation, *see id.*, or the litigation was particularly complex, *cf. Carranza*, 2022 WL 4080310, at *5 ("Courts have declined to apply a fee enhancement where the case did not involve complex legal issues").

Plaintiffs propose the following rates for the involved attorneys: (1) Frederick Samuels, who has thirty-four years of experience, at $500 per hour; and (2) Min-soo Choi, who has less than one year of experience, at $240 per hour. ECF No. 53-2, at 1-2. These both exceed the rates outlined in Appendix B, which calls for rates ranging from $300–$475 per hour for an attorney with more than twenty years of experience, such as Mr. Samuels, and $150–$225 per hour for an attorney with fewer than five years of experience like Mr. Choi. D. Md. Local R. App. B(3).

Plaintiffs have not sufficiently demonstrated that an upward departure from Appendix B's rates is merited in this case. As an initial matter, while Plaintiffs' counsel submitted an affidavit on their behalf, ECF No. 53-2, at 1, they did not submit affidavits from other attorneys attesting to the reasonableness of their requested hourly rates. While they did include a report from the American Intellectual Property Law Association, ECF No. 53-2, at 6, the Fourth Circuit has indicated that affidavits are the preferred method of supporting the reasonableness of counsel's requested rates. *Beyond Sys., Inc.*, 2011 WL 1899389, at *3 (citing *Robinson*, 560 F.3d at 245; *Grissom v. Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008)).

More importantly, the Court does not find—and Plaintiffs do not contend—that this case was particularly novel or complex. All of Plaintiffs' motions, including the present one, have been unopposed, which has reduced the possibility that their motions would be denied. The Court recognizes that bringing claims against disengaged defendants can present additional obstacles. For example, Plaintiffs faced challenges serving several Defendants, resulting in additional time and costs expended by counsel. ECF No. 53-1, at 4-5. However, the Court will reimburse counsel for those costs and compensate them for that time. Finally, an award within the guidelines is consistent with this Court's typical fee awards in Lanham Act default judgment cases. *See*, *e.g.*, *NextHome, Inc. v. Jenkins,* No. 20-CV-1210, 2022 WL 4558138, at *4 (D. Md. Sept. 29,

6

2022), *Cabinet Discounters, Inc. v. Serkisian*, No. 16-CV-1887, 2017 WL 2930461, *3-4 (D. Md. July 10, 2017), *AAMCO Transmissions, LLC v. Up to Parr, LLC*, No. 22-CV-3212, 2023 WL 5510081, at *3-4 (D. Md. Aug. 25, 2023).

Accordingly, the Court will reduce Mr. Samuels' rate to $475 per hour and Mr. Choi's rate to $225 per hour, both representing the top of the respective Appendix B ranges.

### B. Time and Labor Expended

In support of their Motion, Plaintiffs' counsel have submitted an itemized list of hours and expenses along with a description for each entry explaining how the time was spent. ECF No. 53-2, at 11. As noted above, "it is the responsibility of the party challenging the request to articulate areas where award would be inappropriate," *Barnes*, 2019 WL 4141012, at *2, and "the Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge," *Thompson*, 2002 WL 31777631, at *10. Thus, in its review of Plaintiffs' time records, the Court need only address specific concerns raised by a challenging party. *See Barnes*, 2019 WL 4141012, at *2. As Plaintiffs' Motion is unopposed and the Court has been given no reason to question the accuracy of Plaintiffs' request, the Court is under no obligation to assess each entry in counsel's time records. However, out of an abundance of caution, the Court has reviewed the hours Plaintiffs' counsel submitted.

Based on this cursory overview, the Court has identified inconsistencies in Plaintiffs' recorded hours and subsequent lodestar calculation that merit further investigation. Plaintiffs' counsel have thoroughly documented all hours spent on this case over the course of the litigation. ECF No. 53-2, at 11. Further, the documented tasks and time allotted to each appear reasonable,

as does Plaintiffs' reported total of 61.86 hours spent working on this case. ECF No. 53-2, at 16. However, it is Plaintiffs' summary chart, shown below, which gives the Court pause.

| Attorney | Billing Rate | Hours | Fees |
|---|---|---|---|
| Frederick N. Samuels (FNS) | $500/hr. | 57.28 | $ 27,370.27 |
| Min-soo Choi (MBC) | $240/hr. | .9 | $216 |
| TOTAL | | 58.18 | $27,586.27 |

ECF No. 53-2, at 3. While counsel's itemized list indicates a total of 61.86 hours allotted to this litigation—60.96 hours from Mr. Samuels and 0.9 from Mr. Choi, ECF No. 53-2, at 11-16—the summary chart provided in Mr. Samuels' affidavit—which reflects the fee totals requested in the Motion, ECF No. 53, at 1—suggests that Mr. Samuels logged 57.28 billable hours. ECF 53-2, at 3. Plaintiffs do not address this discrepancy. Upon review of the complete filing, the Court has determined that the reduced figure accounts for the subtraction of 3.68 "no charge" hours, which are indicated in the itemized records. ECF No. 53-2, at 11-16.

However, the summary chart poses further challenges. If Mr. Samuels billed 57.28 hours at $500 per hour, as the chart indicates, his fee request would total $28,640, not $27,370.27. The $27,370.27 figure included in the chart would represent the fee award for approximately 54.74 hours at $500 per hour. This inconsistency in hours is not explained in Mr. Samuels' affidavit or elsewhere in Plaintiffs' materials.

As such, the Court reviewed Plaintiffs' submitted time sheets to identify a new total number of hours to use in calculating the lodestar. Of the 61.86 hours logged in the time sheets, ten entries totaling 3.68 hours are indicated as "no charge" hours, lowering the total to 58.18 hours—

57.28 from Mr. Samuels and 0.9 from Mr. Choi. ECF No. 53-2, at 11-16. Plaintiffs' affidavit also makes clear that they intend to only request fees for "activities related to Defendants Soul 1, Greg Hill, Carol Hamilton, and James Burris," and that "[t]ime entries excluded from the total attorneys' fee request are indicated by strikethrough." ECF No. 53-2, at 3. However, these strikethrough entries—accounting for 16 separate entries totaling 4.9 hours, ECF No. 53-2, at 11-16—do not appear to have been deducted from Plaintiffs' fee request. With both the strikethrough and "no charge" hours deducted from the total hour calculations, Mr. Samuels billable hours total 52.38 and Mr. Choi's total 0.9. The Court will use these totals in calculating the final lodestar.

### C. Lodestar Calculation

After reducing the hourly rate to comport with Appendix B and reducing counsel's hours to align with their own representations regarding which hours should be included in the fee request, the Court adopts the following lodestar calculation:

| Attorney | Billing Rate | Hours | Fees |
| --- | --- | --- | --- |
| Frederick N. Samuels | $475/hr | 52.38 | $24,880.50 |
| Min-soo Choi | $225/hr | 0.9 | $202.50 |
| Total | | 53.28 | $25,083 |

The Court will not subtract additional fees for time spent on unsuccessful claims. Counsel have already struck several time entries from their fee calculation; additionally, counsel's work on Plaintiffs' one unsuccessful claim was closely related to their efforts on Plaintiffs' four successful claims, all of which involved common core facts. See *McAfee*, 738 F.3d at 92 (reducing a fee award by just six percent where plaintiff prevailed on only one of three counts because the counts "involved common core facts" and "much of counsel's time was devoted generally to the litigation

as a whole."). The Court also will not reduce the award based on the "degree of success enjoyed by the plaintiff," *id.* at 88, as Plaintiffs succeeded on four of their five claims and the Court granted them a permanent injunction, ECF Nos. 51, 52. Accordingly, Plaintiffs experienced a high degree of success meriting full attorney's fees.

## II.    Costs

Plaintiffs have also requested $3,203.18 in recoverable costs. ECF No. 53, at 1. The most significant of these are related to service of Defendants, ECF No. 53-2, at 16-17, which Plaintiffs note was particularly cumbersome, ECF No. 53-1, at 5-4. The Court has reviewed the itemized expenses, ECF No. 53-2, at 16-17, and is satisfied that each requested expense is duly compensable. Defendants have not suggested otherwise. Thus, Plaintiffs are entitled to recover costs in the amount of $3,203.18.

## CONCLUSION

For the aforementioned reasons, the Court will grant Plaintiffs' Motion, in part, decreasing the amount of attorney's fees. Accordingly, the Court will award Plaintiffs' counsel $25,083 in attorney's fees and $3,203.18 in costs.

So ordered.

Date:   January 6, 2025 _____/s/_____
Ajmel A. Quereshi
United States Magistrate Judge